UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GORDON,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>        Defendants. | Case No. 20-cv-03910-JCS<br><br>**ORDER TO SHOW CAUSE WHY ADMINISTRATIVE MOTION TO FILE UNDER SEAL SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 52 |

      A party seeking to overcome the presumption of public access to documents filed in judicial proceedings generally must establish "compelling reasons" to file documents under seal, including in the context of a motion for summary judgment. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Requests to seal must be narrowly tailored. Civ. L.R. 79-5(d)(1)(B). Defendants move to seal the two individual officer defendants' body camera recordings, as well as a medical document concerning Plaintiff's injury.

      With respect to the video recordings, Defendants cite various provisions of California law concerning the confidentiality of police personnel records and investigations of police misconduct. The state law doctrines on which Defendants rely do not clearly prohibit disclosure in the context of this federal court action. Even if they purported to do so, it is not clear that—absent some showing of actual likely harm or other compelling reasons to seal—they could overcome the public's right of access to judicial proceedings, which is rooted in the First Amendment to the United States Constitution. The only case Defendants cite applying the state law doctrines on which they rely did so in the context of crafting a protective order limiting disclosure by the parties, which is subject to a less stringent standard of "good cause," rather than the "compelling reasons" required to maintain materials under seal here. *See Soto v. City of Concord*, 162 F.R.D.

603, 613 (N.D. Cal. 1995).  Defendants' generalized concerns about the officers' "rights to personal privacy," without more, are not persuasive.  The videos depict the officers interacting with the public in their role as police officers, and the events at issue are described in Defendants' publicly filed motion.  Defendants also note that—under state law—they would be required to redact certain categories of information if the video were publicly filed, such as "'such as a home address [or] telephone number,' '[t]o preserve the anonymity of complainants and witnesses,' and '[t]o protect confidential medical . . . or other information of which disclosure . . . would cause an unwarranted invasion of personal privacy,'" Mot. (dkt. 52) at 2 (quoting Cal. Pen. Code § 832.7(b)(5)), but do not assert that any such information is included in the videos at issue.

With respect to the medical document, it appears to be an x-ray report revealing no substantial information beyond that Plaintiff dislocated his shoulder, the fact of which is revealed in Plaintiff's complaint.  It is not clear whether Plaintiff, whose privacy interests Defendants invoke, objects to public disclosure of this document.

The parties are therefore ORDERED TO SHOW CAUSE why the motion should not be denied and these materials should not be filed in the public record.  Any party that seeks to pursue sealing any of the materials at issue must file a response to this order no later than October 8, 2021 setting forth specific harms that would result from disclosure.

**IT IS SO ORDERED.**

Dated: October 4, 2021

JOSEPH C. SPERO
Chief Magistrate Judge